1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8  JAMES EDWARD JEFFERSON,
                       Plaintiff,              No. CIV S-09-2562 FCD GGH PS
9          vs.

10
   SAVE MART SUPERMARKET, a
11 Ca. Corp., dba FOODMAXX, et al.,

12          Defendants.                 FINDINGS AND RECOMMENDATIONS
   _____/

13

14          Presently before the court are defendants Glickman & Associates and Willey's

15 motion to dismiss and to strike, filed June 28, 2010, and Save Mart Supermarket and Ostergard's

16 motion to dismiss, filed August 4, 2010.  Plaintiff did not file oppositions, but did file a

17 document entitled, "motion to be relieved of default," on August 2, 2010, and a "notice of

18 additional evidence not earlier available to plaintiff," on September 16, 2010.[1]  Having reviewed

19 the parties' filings, the court now issues the following findings and recommendations.

20 BACKGROUND

21          Plaintiff filed his complaint on September 14, 2009, alleging that defendant Save

22 Mart Supermarket, dba FoodMaxx, violated his First Amendment rights and his civil rights under

23 42 U.S.C. § 1983 by prohibiting him from setting up a table in the common area outside the

24 grocery door in order to collect signatures for ballot petitions and register people to vote.  He

25 _____

26      [1]  All motions were taken under submission without a hearing as oral argument was found
   to be unnecessary.

                                          1

1    claims that defendants Erin Willey, property manager for Las Plumas Plaza and her employer

2    Albert. B. Glickman & Associates, violated his rights when they developed a new policy

3    requiring prior authorization for conducting activities in the Las Plumas Plaza shopping center's

4    common areas.  Specifically, plaintiff claims that for weeks prior to September 14, 2007, he had

5    set up outside the store in order to obtain voter registration and signatures for petitions to be

6    placed on the ballot, without incident.  (Compl. ¶ 4.1.)  On September 14th, however, he claims

7    he was informed by defendant Glenn Ostergard,[2] a FoodMaxx employee, that the store had a new

8    "sign up policy" and that plaintiff would have to leave the area.  (Id. at ¶¶ 4.2, 4.4.)  Plaintiff

9    alleges that 35 minutes later, he was arrested by defendant Officer Merchant of the Butte County

10   Sheriff's Department.  According to plaintiff, the District Attorney declined to file charges.  (Id.

11   at ¶ 4.6.)  The complaint contains two causes of action, for violation of civil rights against

12   defendant Glenn (Ostergard) and FoodMaxx, and for conspiracy to violate civil rights, by all

13   defendants.  Plaintiff seeks damages.

14   DISCUSSION

15           It should be noted first that plaintiff filed no opposition to either motion to

16   dismiss.  All of his belated filings do not purport to be oppositions and contain no substantive

17   argument.  Pursuant to E.D. Local Rule 230(c), "[n]o party will be entitled to be heard in

18   opposition to a motion at oral arguments if opposition to the motion has not been timely filed by

19   that party."  Therefore, only the motions to dismiss and the record itself has been considered.

20   I.  LEGAL STANDARD FOR MOTION TO DISMISS.

21           In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

22   a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

23   it must contain factual allegations sufficient to "raise a right to relief above the speculative

24

25           [2]  Plaintiff refers to this defendant as Glenn Doe in his complaint; however, Glenn
     Ostergard, an employee of Save Mart, has filed a motion to dismiss, and accepted service as this
26   defendant.  (Dkt. #9.)

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The

pleading must contain something more...than...a statement of facts that merely creates a suspicion

[of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice

and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

   In considering a motion to dismiss, the court must accept as true the allegations of

the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

that general allegations embrace those specific facts that are necessary to support the claim.'"

National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

(1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

   The court may consider facts established by exhibits attached to the complaint.

Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

   A pro se litigant is entitled to notice of the deficiencies in the complaint and an

1  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

2  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

3  II.  Glickman & Associate's and Willey's Motions to Dismiss and to Strike[3]

4  Plaintiff has not filed an opposition to this motion, but did file a declaration three

5  days prior to the hearing which states that he did not receive notice of the July 29, 2010 hearing

6  until he received the order continuing it to August 5, 2010.  Plaintiff did not file any substantive

7  opposition to this motion.

8  Plaintiff alleges that these shopping mall defendants developed a new policy

9  requiring prior authorization to use the common areas of the mall.  There are no allegations that

10  they were present at the mall on the day that plaintiff was arrested, or that they were somehow

11  involved in the arrest.

12  First and foremost, § 1983 requires state action and the shopping mall defendants

13  are not state actors.  To succeed on a § 1983 damages claim, a plaintiff must demonstrate not

14  only the deprivation of a right secured by the Constitution or laws of the United States, but that

15  defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250

16  (1988).  A § 1983 claim can lie against a private party only when "he is a willful participant in

17  joint action with the State or its agents."  Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183

18  (1980).

19  The Supreme Court has reiterated that "action taken by private entities with the

20  mere approval or acquiescence of the State is not state action."  American Manufacturer's Mutual

21  Ins. Co. v. Sullivan, 526 U.S. 40, 119 S. Ct. 977, 986 (1999).  In Flagg Bros., Inc. v. Brooks, 436

22  U.S. 149, 98 S.Ct. 1729 (1978), the United States Supreme Court held that a lienholder's private

23  sale of goods, even though held pursuant to state law, did not constitute state action.  In Sullivan,

24

25  [3]  These defendants request that the court take judicial notice of another case filed by plaintiff in this district against Wal-Mart for similar activity.  Jefferson v. Wal-Mart, Inc., 09-CV-1405 MCE KJN PS.  That action was dismissed on January 11, 2011 for failure to file to prosecute.

26

1   the Supreme Court reiterated that state action is not present unless action involves both state law

2   and significant state involvement.

3               For plaintiff to proceed with a claim under 42 U.S.C. § 1983 against defendant

4   Glickman & Associates and its employee, Erin Willey, plaintiff would have to establish state

5   action on the part of these defendants.  The Ninth Circuit has identified four tests to identify state

6   action by an otherwise private party: "(1) public function; (2) joint action; (3) governmental

7   compulsion or coercion; and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092

8   (9th Cir. 2003).  Plaintiff has alleged none of these factual predicates vis-a-vis state action, and

9   the complaint does not reasonably establish any.  Rather, the complaint alleges only that

10   defendant Glickman & Associates is a private company whose employee acted inappropriately

11   within her private – not public or governmental – capacity.

12               Plaintiff's 42 U.S.C. § 1983 claim is predicated on an alleged violation of his free

13   speech rights under the First Amendment.  Plaintiff specifically alleges First Amendment

14   violations within both causes of action entitled, "deprivation of civil rights."  (Compl. at 4, 5.)[4]

15   Even if plaintiff were permitted to amend the complaint, however, to eliminate any causes of

16   action under 42 U.S.C. §1983 in regard to defendants Glickman & Associates and Willey, he

17   could not state a claim under the First Amendment, and therefore amendment is futile.  There is

18   no First Amendment right to gather signatures for initiatives or petitions, or to register voters on

19   a shopping center's private property.  Hudgens v. NLRB, 424 U.S. 507, 518, 96 S.Ct. 1029

20   (1976); Lloyd Corp. v. Tanner, 407 U.S. 551, 570, 92 S.Ct. 2219 (1972).  Plaintiff has another

21   forum in which to collect signatures, including public streets and sidewalks, public parks and

22   public buildings.  Strahan v. Frazier, 156 F.Supp.2d 80, 92 (D. Mass. 2001).[5]

23

24        [4] Only the second cause of action pertains to defendants Glickman & Associates, and Willey.

25        [5] Under California law, shopping centers and the like may be considered public forums.

26   See United Brotherhood, etc. v. NLRB, 590 F.3d 957, 963 (9th Cir. 2008).  However, the limitation of federal claims leaves only possible state claims over which this court will not

1   As there are no section 1983 or First Amendment claims against these defendants,

2   there can be no conspiracy claims against them.  These defendants should be dismissed.

3   III.  <u>Save Mart Supermarket's and Ostergard's Motion to Dismiss</u>

4   Plaintiff also did not file an opposition to this motion, but on September 16, 2010,

5   the day the hearing was to take place (before it was vacated), he filed a "notice of additional

6   evidence not earlier available to plaintiff."  This notice contains plaintiff's declaration that

7   certain pages of his police record were missing, but that the police department finally released

8   those pages, which he has attached to this filing.  The pages consist of an order of arrest for

9   trespass and some photographs, presumably of the location where plaintiff had set up his table

10  outside the store.  (Dkt. # 28.)  As this filing is untimely and does not address the motion to

11  dismiss, it will not be considered.

12  Defendants Save Mart Supermarket, dba FoodMaxx (Save Mart) and Glenn

13  Ostergard are alleged to have violated plaintiff's civil rights under 42 U.S.C. § 1983 and the First

14  Amendment when the store manager came out of the store and informed plaintiff of a new sign-

15  up policy for setting up at the shopping center, and then told plaintiff he had to leave.  (Compl. ¶

16  4.4.)  Officer Merchant then appeared at the scene on behalf of the Butte County Sheriff's

17  Department and arrested plaintiff.[6]  The complaint is confusing in also alleging that defendants

18  either made or caused to be made a citizen's arrest; however there are no factual allegations that

19  Ostergard executed a citizen's arrest.  The filing by plaintiff on September 16, 2010, does attach

20  a document entitled, "Order of Arrest (Private Person)" and appears to be signed by Glenn

21  Ostergard; however, exhibits of this sort may not be considered on a motion to dismiss.

22  Based on the same authority outlined in regard to the motion to dismiss brought

23  by the shopping mall defendants, *supra*, defendants Save Mart and Ostergard should also be

24  _____

exercise jurisdiction.

25

26      [6]  Defendant Merchant did not file a motion to dismiss and it appears that he has not been served.

1  dismissed.  There are no allegations that these defendants acted in conjunction with the Butte

2  County Sheriff's Deputy, other than to possibly report a trespass.  Merely complaining to the

3  police does not constitute state action.  McConnell v. County of Los Angeles, 2009 WL 4233084

4  (C.D. Cal. 2009);  Fraser v. County of Maui, 855 F.Supp. 1167, 1177 (D. Haw. 1994), (citing

5  Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989)).  See also Goehring v. Wright, 858

6  F.Supp. 989, 998 (N.D. Cal. 1994) (complaining to local authorities about activities which give

7  rise to arrest and prosecution do not constitute state action under § 1983).

8          Even assuming that defendant Ostergard made a citizen's arrest according to

9  plaintiff's belatedly submitted and inadmissible evidence, this behavior still does not constitute

10  state action.  Collins, 878 F.2d at 1155; Stanley v. Goodwin, 475 F.Supp.2d 1026, 1039 (D. Haw.

11  2006).

12          In regard to a First Amendment claim, the same authority outlined in regard to the

13  previous motion to dismiss applies here.  There is no federal First Amendment right to collect

14  petition signatures or register voters at a private shopping mall.

15          Furthermore, as stated in regard to the previously discussed motion to dismiss,

16  because there are no section 1983 or First Amendment claims against these defendants, there can

17  be no conspiracy claims against them.  Defendants Save Mart and Ostergard should therefore be

18  dismissed.

19  IV.  Officer Merchant

20          It appears from the docket that this defendant was never served and has not

21  appeared.  Although defendant Merchant could be dismissed for failure to serve; Fed. R. Civ. P.

22  4(m); it is preferable to dismiss him on the merits if possible.  Because there is no cognizable

23  federal First Amendment right to obtain signatures for initiatives or register citizens to vote at a

24  shopping mall, Officer Merchant's alleged arrest of plaintiff for trespass was lawful.  See

25  Hudgens v. NLRB, 424 U.S. 507, 518, 96 S.Ct. 1029 (1976).   He therefore could not have

26  deprived plaintiff if this nonexistent right or his civil rights.

CONCLUSION

Accordingly, for the reasons stated in this opinion, IT IS RECOMMENDED that:

1. Defendants Glickman & Associates and Willey's motion to dismiss and to strike, filed June 28, 2010, (dkt. # 13), be granted;

2. Defendants Save Mart Supermarket's and Ostergard's motion to dismiss, filed August 4, 2010, (dkt. # 22), be granted;

3. Officer Merchant be dismissed;

4. To the extent that plaintiff has raised state civil rights claims, supplemental jurisdiction be denied; and

5. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/26/2011

/s/ Gregory G. Hollows
_____
U. S. MAGISTRATE JUDGE

GGH:076:Jefferson2562.mtd.wpd