UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES EDWARD JEFFERSON

      Plaintiff,

  v.

SAVE MART SUPERMARKET, a Ca. Corp., dba FOODMAXX, et al.,

      Defendants.

_____

Civ. No. S-09-2562 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on Save Mart Supermarket and Glenn Ostergard's (collectively, "defendants") motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 1988(b). Plaintiff James Edward Jefferson ("plaintiff") opposes the motion. For the reasons set forth below,[1] defendants' motion is DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

This matter arises out of plaintiff's allegations that defendants violated plaintiff's First Amendment Rights and his civil rights under 42 U.S.C. § 1983 by prohibiting him from setting up a table in the common area outside defendants' grocery door to collect signatures for ballot petitions and register people to vote. (Compl., filed Sept. 14, 2009, ¶ 5.2.) More specifically, plaintiff claimed that weeks prior to September 14, 2007, he set up a stand outside the store in order to obtain voter registration and signatures for petitions to be placed on the ballot. (Id. at ¶ 4.1.) Plaintiff alleges that he was informed by defendant Ostergard, a Save Mart employee, that the store had a new policy regarding use of the store's common area, and that plaintiff would have to leave the area. (Id. at ¶¶ 4.2, 4.4.) According to the complaint, when plaintiff refused to leave, defendants "caused him" to be arrested by a Butte County police officer. (Id. at ¶ 5.2.) The gravamen of plaintiff's claim is that defendants' refusal to permit him to solicit ballot signatures and register voters on defendants' property violated his First Amendment rights and constituted a deprivation of his civil rights pursuant to 42 U.S.C. § 1983. (Id. at ¶¶ 5.2, 6.2.)

On June 28, 2010, defendants moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Defs.' Mot to Dismiss ["MTD"], filed Jun. 28, 2011 [Docket #10].) On January 26, 2011, Magistrate Judge Gregory Hollows issued his Findings and Recommendations on defendants' motion to dismiss. (Findings and Recommendations, filed Jan. 26, 2011, [Docket #29].) Judge Hollows appropriately recommended the

2

1  complaint be dismissed for the following reasons: (1) plaintiff
2  could not make the required showing that defendants acted under
3  the color of state law because defendants are either private
4  persons or a private entity; (2) there is no First Amendment
5  right to gather signatures for initiatives or petitions, or to
6  register voters on a shopping center's property; (3) even if
7  defendants did cause plaintiff to be arrested, merely complaining
8  to the police is not sufficient to constitute state action; and
9  (4) to the extent plaintiff may have raised a legitimate state
10 civil rights claim, supplemental jurisdiction should be denied
11 because plaintiff had no viable federal claim under Section 1983
12 or the First Amendment.  (Id. at 4:12-5:22; 7:1-7; 8:8-9.)
13      On February 24, 2011, the court adopted Judge Hollows'
14 Findings and Recommendations in full, thereby dismissing
15 plaintiff's complaint pursuant to Federal Rule of Civil Procedure
16 12(b)(6).  (See Order, filed Feb 24, 2011, [Docket #31].)  On May
17 23, 2011, defendants filed a motion for attorneys' fees pursuant
18 to 42 U.S.C. § 1988; plaintiff filed opposition to the same on
19 July 22, 2011.  (See Defs.' Mot. for Att'y Fees, filed May 23,
20 2011, [Docket #53; Pl.'s Opp'n to Mot. for Att'y Fees, filed July
21 22, 2011, [Docket #59].)

**ANALYSIS**

23   Defendants contend that an award of attorneys' fees in their
24 favor is appropriate in this case because plaintiff's claim was
25 "frivolous, unreasonable and without foundation."  (MTD at 4:13-
26 14.)  More specifically, defendants assert that plaintiff's
27 claims were frivolous because "[p]laintiff did not allege, and
28 could not allege, that Save Mart and its employees are state

3

1  actors," a required element of plaintiff's Section 1983 claim.
2  (Id. at 4:8-9.)  Plaintiff contends that his claim was not
3  frivolous because, "although the mall is private property," it is
4  "subject to an easement in favor of a governmental entity, and
5  thus is a public place."  (Pl.'s Opp'n to Mot. to Dismiss at 9:1-
6  2.)  Thus, plaintiff suggests that "[d]efendants' conduct
7  constituted state action" pursuant to California law.
8  (Id. at 12: 3-5.)

9  Section 1988 of the Civil Rights Act permits the prevailing
10 party in an action brought under Section 1983 to recoup
11 reasonable attorneys' fees.  Under Section 1988 jurisprudence, a
12 prevailing defendant is treated differently from a prevailing
13 plaintiff, and fees are not awarded routinely or simply because
14 defendant succeeds.  See Patton v. County of Kings, 857 F.2d
15 1379, 1381 (9th Cir. 1988).  Instead, a prevailing defendant must
16 demonstrate "plaintiff's action was frivolous, unreasonable or
17 without foundation, even though not brought in subjective bad
18 faith."  Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n,
19 434 U.S. 412, 421 (1978).

20 This standard is "stringent," Hughes v. Rowe, 449 U.S. 5, 14
21 (1980), and the Ninth Circuit repeatedly has recognized that
22 attorneys' fees in civil rights cases "'should only be awarded to
23 a defendant in exceptional circumstances.'"  Saman v. Robbins,
24 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v. Fowler, 902
25 F.2d 770, 773 (9th Cir. 1990)); see also Herb Hallman Chevrolet,
26 Inc. v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999); Brooks v.
27 Cook, 938 F.2d 1048, 1055 (9th Cir. 1991).  The vigorous nature
28 of the standard reflects Congress' policy of promoting fervent

4

prosecutions of civil rights violations.  See Hughes 449 U.S. at 14-15.  Thus, attorneys' fees to a prevailing defendant in civil rights litigation should be awarded only in extraordinary circumstances so as not to unduly chill civil rights litigation.

In addition to considering the legitimacy of plaintiff's claim in assessing whether to award attorneys' fees, the Ninth Circuit instructs courts to "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin." Miller, 827 F.2d at 621; see also Patton, 857 F.2d at 1381 (applying the Miller standard to a case in which plaintiff was represented by counsel).

Importantly, courts sitting in the Ninth Circuit have held that the standard is applied with particular vigor when the plaintiff proceeds *pro se*.  See e.g., Miller, 827 F.2d at 620; Brandon v. NWO Corp., No. CV 07-00334 SPK-KSC, 2008 WL 2437736 (D.Hawaii, June 17, 2008); Page v. Jefferson Transit Authority, No. C08-5456RJB, 2009 WL 2884754 (W.D. Wash., Sept. 8, 2009). The heightened standard reflects the fact that "*pro se* plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."  Miller, 827 F.2d at 620.  The Ninth Circuit has provided three additional factors to consider in assessing whether attorneys' fees should be levied upon a non-prevailing *pro se* plaintiff pursuant to Section 1988: (1) whether the court was able to conclude that the action should be dismissed prior to trial; (2) whether the plaintiff was able to recognize the merits of his claim; and (3) whether the plaintiff

acted in bad faith.  <u>Miller</u>, 827 F.2d at 620.

While the court dismissed plaintiff's claim, the other factors militate strongly in favor of denying defendants attorneys' fees.  First, the court cannot find that plaintiff filed the complaint in bad faith.  Indeed, plaintiff's citation to, and reliance upon, California case law analyzing facts nearly identical to those of this case is demonstrative of plaintiff's good faith, even if his reliance on that law was procedurally misplaced.

Moreover, it is clear from plaintiff's opposition that he was, and remains, unaware of the defect in his claim.  In determining whether plaintiff recognized the merits of his claim, the court considers whether plaintiff has repeatedly attempted to bring a claim previously found to be frivolous.  <u>Id.</u>  In this case, there is no indication that plaintiff has previously attempted to bring this claim, nor that he had any knowledge that his claim lacked merit.  Indeed, it is clear from plaintiff's papers that he believes that he has — and legitimately may have — a claim under the California Constitution; that claim, however, does not invoke federal jurisdiction.

Specifically, plaintiff cites to <u>Robbins v. Pruneyard</u>, 23 Cal.3d 899, 902 (1979), which held that "soliciting at a shopping center of signatures for a petition to the government is an activity protected by the California Constitution."  (Pl.'s Opp'n to Mot. for Att'y Fees, filed July 22, 2011, [Docket #59] at 10:2-6.)  While <u>Robbins</u> is inapplicable to plaintiff's federal Section 1983 claim, plaintiff "simply cannot be assumed to have the same ability as a plaintiff represented by counsel to

1  recognize" the nuances of federalism.  <u>Miller</u>, 827 F.2d at 620.
2  To this end, this factor militates strongly in favor of denying
3  defendants attorneys' fees.
4      Based upon the record as a whole, and considering the
5  aforementioned factors, the court cannot hold that plaintiff's
6  action against defendants was "unreasonable, frivolous,
7  meritless, or vexatious." <u>Christiansburg</u>, 434 U.S. at 421.
8      Furthermore, awarding attorney fees in this case is improper
9  because it would subject plaintiff to financial ruin.  <u>See</u>
10 <u>Miller</u>, 827 F.2d at 621.  According to plaintiff's application to
11 proceed *in forma pauperis*, plaintiff receives $830 a month in
12 disability, which is completely exhausted by his monthly expenses
13 (rent, car, food, etcetera).  (See Pl.'s Amended Req. to Proceed
14 *In Forma Pauperis*, filed Jun. 29, 2009, [Docket #57].)  Moreover,
15 plaintiff does not currently have a checking or savings account,
16 does not own any real estate, stock, bonds or securities.  (<u>Id.</u>)
17 Under these facts, the court can easily find that an award of
18 more than $14,000.00 in fees to defendants would unduly burden
19 plaintiff.

**CONCLUSION**

21     For the foregoing reasons, the court DENIES defendants'
22 motion for attorneys' fees in its entirety.
23     IT IS SO ORDERED.
24  DATED: August 15, 2011

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

7